# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

**JACK STACK WORLD CLASS, LLC,**

**Plaintiff,**

**v.**

**SMOKEHOUSE BBQ, INC.,**

And

**DARIOUSH GHASEMI,**

**Defendants.**

Case No.:

## <u>COMPLAINT</u>

Plaintiff, Jack Stack World Class, LLC ("JSWC"), states to the Court the following in support of its complaint for copyright infringement, Lanham Act violations, and unfair competition:

## I. THE PARTIES

1.      Plaintiff Jack Stack World Class LLC is a Missouri limited liability company with its principal place of business in Jackson County, Missouri.

2.      Non-party Ja-Del, Inc. ("Ja-Del") is a Missouri corporation with its principal place of business in Jackson County, Missouri.

3.      Defendant Smokehouse BBQ, Inc. ("SH") is a Missouri corporation with its principal place of business at 104 N.E. 72d Street, Gladstone, Missouri 64118.  SH may be served through its registered agent, Carol J. Flores, at that address.

4.      Defendant Darioush Ghasemi is an individual.  Upon information and belief, Ghasemi is a resident of the State of Missouri who conducts business in Missouri at the location

4846-1341-5181.1

listed above and at Smokehouse restaurants located at 6304 North Oak in Gladstone, 19000 E. 39th Street in Independence, and 8451 NW Prairie View Road in Kansas City.

## II. JURISDICTION AND VENUE

5.     This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338in that this civil action arises under the laws of the United States, specifically The United States Copyright Act of 1976 (as amended), 17 USC §101 *et seq.,* and The Lanham Act, 15 U.S.C. § 1121.

6.     This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 over the state-law claims for unfair competition as those claims are sufficiently related to the copyright and Lanham-Act claims as to form part of the same case or controversy.

7.     Venue is proper in this district under 28 U.S.C. § 1391(b)(1) in that both defendants reside in this district, and under subsection (2) in that a substantial part of the events giving rise to JSWC's claims and Ja-Del's occurred in this district.  In the alternative, venue is proper under subsection (3) if defendant Ghasemi does not reside in this district since SH does.

## III. HISTORY

8.     JSWC is owned 75% by Ja-Del, which has owned and operated barbecue restaurants since 1974 using the name Jack Stack.

9.     The Jack Stack name, distinctive taste, signature dishes,  and concept are well recognized throughout the Kansas City area and elsewhere and are known for excellent barbecue and other foods.  Specifically, the Jack Stack restaurants promote and sell Kansas City-style barbecue and other special dishes such as "Hickory Pit Beans" and "Cheesy Corn Bake" that Ja-Del created, named, and marketed.

4846-1341-5181.1

10.     JSWC was formed in 2001 for the purpose of selling Jack Stack Kansas City-style barbecue on a nationwide scale through mail or catalog order, and by extension, over the internet, a business model commonly referred to generally as a "mail-order business."

11.     JCWS, from its inception, has been licensed by Ja-Del to use the Jack Stack name and reputation, as well as specific names of or trademarks for menu items like "Hickory Pit Beans" and "Cheesy Corn Bake."

12.     Ghasemi worked for one of the Jack Stack restaurants (specifically, the location in Martin City, Missouri) for several years until 1987.

13.     One day in 1987, Ghasemi did not come to work.

14.     Ja-Del learned that Ghasemi had opened a SH restaurant north of the river on North Oak.

15.     Ghasemi copied recipes and the menu from the Jack Stack restaurant where he had been employed and copied the Jack Stack format.

16.     In the years since 1987, Ghasemi and SH have opened other restaurants in the metropolitan area to compete with the Jack Stack locations.  In each case, the SH restaurants include copies of the Jack Stack recipes, menu, and format, including the names of and/or trademarks for specific products sold at Jack Stack restaurants.

17.     SH's dishes and preparations are of inferior quality to that of Jack Stack.

18.     JSWC prepares all food items that it sells via its mail-order division in a USDA certified facility in order to provide the highest quality products for its consumers.

19.     In addition to typical barbecue items such as ribs, SH has marketed and continues to market menu items using Jack Stack's proprietary names and trademarks not in use by other barbecue restaurants such as, by way of example only, "Hickory Pit Beans" and "Cheesy Corn

Bake." These attempts at mimicry are more than competition; they constitute a deliberate attempt to confuse consumers and deceive them into thinking they were getting genuine Jack Stack food items and other products when they were not.

IV. JSWC

20.     Prior to the 2000 holiday ordering season, Ja-Del determined to move into the national mail-order business to sell Jack Stack barbecue and other products on a nation-wide scale.

21.     JSWC was formed to conduct that business.

22.     JSWC has invested millions of dollars into learning about and developing this business and establishing an expertise in the mail-order market space.  That investment has included development of unique (and uniquely named) combinations of menu items; creation of a special format to list and display each product offering (including combinations of menu items) in its catalog and internet advertising; determination of which product offering (including its unique menu combinations) to place where in each printed catalog or on its website; and other proprietary details necessary for a successful mail-order business.

23.     There are no other mail-order companies that sell Kansas City-style barbecue on a national scale.

24.     From 2001-2011, JSWC's business has steadily improved as a result of its continued efforts on all of these fronts, efforts undertaken at considerable expense.

25.     JSWC has developed a recognizable style for its catalogs and internet site showcasing its mail-order business selling Kansas City-style barbecue.

26.     SH has deliberately copied this style of advertising and the packages developed by JSWC for sale to a national market in an effort to confuse consumers into believing (i) that

4846-1341-5181.1

the products sold by SH are the same products as sold by JSWC; (ii) that JSWC are somehow related or affiliated entities; or (iii) that SH is somehow sponsored or licensed by JSWC to produce, market, and sell the same or deceptively similar products. Prospective purchasers are likely to be misled by the similarities caused by SH's copying of JSWC's catalog, including producing the same or nearly the same packages for sale, using the same or confusingly similar names and trademarks for those packages, and using the same or confusingly similar layouts.

## V. COPYING THE CATALOG AND PASSING ITSELF OFF AS JACK STACK

27.     On or about October 20, 2011, a JSWC employee received an email that alerted JSWC that SH had copied one or more of its catalogs and was going to use it to enter the national mail-order business selling Kansas City-style barbecue.

28.     On November 2, 2011, a JSWC employee received an email from "Smokehouse BBQ," which on information and belief is the same entity as SH, announcing the launch of its "national shipping program. Included within this email was a link to SH's "National Shipping Program." The link directed recipients of the email to SH's website showing packages and descriptions copied from the JSWC catalog and invited recipients to place orders for those packages.

29.     A copy of the 2009-2010 catalog created and distributed by JSWC is attached to this Complaint as Exhibit A.

30.     A copy of the pdf pages that JSWC received showing what SH is going to use for its new mail-order catalog (hereinafter referred to as the proposed SH catalog) is attached to this Complaint as Exhibit B. Given that at least one of the pdf pages shows what appears to be a page number, and one includes an area that appears designed to accommodate postage and a mailing address, JSWC believes and alleges that these pages are intended to become an actual

catalog similar to JSWC catalogs already in circulation, including the catalog attached as Exhibit C.

31.     A copy of a screen print of the site linked to the launch email, specifically the page designated for "packages," is attached as Exhibit D.

32.     A comparison of some of the most egregious similarities between the JSWC catalog and the SH proposed catalog is attached as Exhibit E.

33.     Of the thirteen (13) meal packages offered in the SH catalog, ten (10) are substantially identical to meal packages offered by JSWC in its catalog.

34.     Two (2) of the remaining meal packages in the SH proposed catalog use names/trademarks coined by Ja-Del and/or JSWC.

35.     The meal packages in the JSWC catalog and the proposed SH catalog are nearly identical in the design of the items included, with the exception being that the SH package often differs only in the addition of a relatively low-cost item (such as beans). Even then, SH employs the distinctive name or mark, "Hickory Pit Beans," which was adopted by Ja-Del many years ago and has been used by Ja-Del continuously ever since (and used by JSWC by license from Ja-Del).

36.     The design and layout elements between the JSWC catalog and the proposed SH catalog are also substantially similar.

37.     The price points for meal packages in the JSWC catalog and the proposed SH catalog are almost identical.

38.     The described serving sizes in the proposed SH catalog are nearly identical to the serving sizes calculated and included in the JSWC catalog even in cases where SH has added an item (such as beans) and the addition should reasonably alter the suggested serving information.

4846-1341-5181.1

39.     In many instances, the copy describing the meal packages is plagiarized from the JSWC catalog with only minor and obvious changes, such as substituting "crown jewel" in the "For the Beef Lover Package" for "piece de resistance" from the description of the "Beef Lover's Buffet" package in the JSWC catalog.

40.     The meal packages described in the SH proposed catalog use names/trademarks coined by JSWC: "Taste Kansas City" is an obvious take-off of JSWC's "Taste of Kansas City," and "Bar-B-Que Sampler" is an obvious take-off of JSWC's "BBQ Super Sampler."

41.     JSWC received an actual SH catalog shortly before filing this complaint.  (SH Actual Catalog, attached as Exhibit F).  The pages in the proposed catalog PDF are in the SH Actual Catalog.

42.     In addition, the SH Actual Catalog copies, with only minimal and obvious rewording (such as changing the listed telephone number from JSWC's to SH's), the copy for Customer Service, Sales Tax, and portions of the text for Shipping and Delivery, on its order-information page from JSWC's most recent catalog, right down to the date listed under Pricing for how long prices are good, which is a date peculiar to JSWC based upon its proposed schedule for catalog updates.

## VI. SPECIFIC SIMILARITIES AND COPYING

### A.  THE JACK STACK SPECIAL

43.     The JSWC catalog describes the "Jack Stack Special" beginning with the phrase "One of our traditional favorites."

44.     The proposed SH catalog has a package called "Smokehouse Bar-B-Que Gathering" for which the description begins "Our family pack is a traditional favorite."

4846-1341-5181.1

45.     The JSWC description of this item continues "Start with our succulent and meaty Pork Spare Ribs, along with our fork-tender sliced Beef Brisket and traditional Strawberry Hill recipe Barbecue Sausage."

46.     The proposed SH catalog's description of this item continues "Start with a slab of our meaty Pork Spare Ribs.  Add a pound of our fork-tender Beef Brisket and then our famous Smoked Polish sausage."

47.     The next sentence in the JSWC catalog description is "Round it out with our legendary Hickory Pit Beans and Cheesy Corn Bake."

48.     The next sentence in the proposed SH catalog description is "Throw in our legendary Hickory Pit Beans and Cheesy Corn Bake."

49.     The JSWC catalog description states "What you've got is the essence of a sunny summer afternoon in the country, Kansas City barbecue at its finest.

50.     The proposed SH catalog states "What you have is an amazing afternoon of Kansas City Bar-B-Que."

51.     Both the JSWC catalog and the proposed SH catalog then list, as bullet points, the items included in the package:

| | |
|---|---|
| Pork Spare Ribs (one full slab) | Pork Spare Ribs (one full slab) |
| Sliced Brisket (28 ounces) | Sliced Beef Brisket (1 lb) |
| Barbecue Sausage (16 ounces) | Polish Sausage (1 lb) |
| Hickory Pit Beans (32 ounces) | Hickory Pit Beans (32 ounces) |
| Cheesy Corn Bake (30 ounces) | Cheesy Corn Bake (32 ounces) |
| KC Original Barbecue Sauce (18 ounce jar) | Original Bar-B-Que Sauce |
| KC All Purpose Rub (7 ounce bottle) | Original All Purpose Rub(5.75 ounce bottle) |

4846-1341-5181.1

52.     The JSWC catalog then lists an Item number and a price of $134.95 "(plus S & H)."

53.     The proposed SH catalog lists an Item number and a price of $129.95 "(plus S & H)."

54.     The JSWC then shows, in italicized type, "Feeds 7 to 10 people."

55.     The proposed SH catalog also uses italicized type and shows "Serves 7-10."

B. THE BIG TASTE OF KANSAS CITY

56.     The JSWC catalog offers a meal package under the trademark "BIG Taste of Kansas City."

57.     The proposed SH catalog mimics the JSWC trademark with the term "Taste Kansas City Big Time."

58.     The opening text of the description of this package in JSWC's catalog is "How do you make the Taste of Kansas City meal even more popular?"

59.     The opening text of the description of SH's mimicking Taste Kansas City package is "How did we make Taste Kansas City even better?"

60.     The JSWC catalog's description continues " add our special recipe Strawberry Hill Barbecue Sausage."

61.     The proposed SH catalog's description continues "We tossed in our all-star Polish Sausage."

62.     JSWC's catalog description also states that the package includes "our signature Pork Burnt Ends."

63.     The proposed SH catalog's descriptions states that the package includes "our juicy Pork Burnt Ends."

4846-1341-5181.1

64.     The JSWC catalog describes "Chopped BBQ Beef Brisket, a jar of sauce and double the Hickory Pit Beans" and continues "and you've got a BIG meal of BIG favorites."

65.     The proposed SH catalog refers to "Chopped Beef Brisket with our [sic] delicious sides, complete with our famous Original Sauce.  So who's hungry?"

66.     Again, the list of included items is almost identical in each:

Pork Burnt Ends (1 pound)                 Chopped Beef Brisket (1 lb.)

Chopped BBQ Beef Brisket (1 pound)        Pork Burnt Ends (1 lb.)

Barbecue Sausage (1 pound)                Polish Sausage (1 lb.)

Hickory Pit Beans (32 ounces)             Hickory Pit Beans (32 oz.)

                                          Cheesy Corn Bake (32 oz.)

KC Original BBQ Sauce (18 ounce jar)      Original Bar-B-Que Sauce

67.     The only different in the contents, other than the lesser quality of the SH products, is the addition of a single item: Cheesy Corn Bake, an item developed and trademarked by Ja-Del and copied by SH.

68.     Both the JSWC catalog and the proposed SH catalog give an item number followed by the same price "$79.95 (Plus S & H)" in bold type.

69.     Both then use italicized type to set out the number of people served by the package.

## C.THE KANSAS CITY FAVORITE

70.     JSWC offers a package marketed under the trademark Kansas City Favorite.

71.     The proposed SH catalog advertises a package called "Kansas City Special."

72.     The description of the JSWC Kansas City Favorite begins "This one's for true-blue lovers of Kansas City barbecue."

73. The description in the proposed SH catalog for its copy-cat package begins "This meal is for true-blue Kansas City Bar-B-Que lovers."

74. The JSWC description continues "It's got our hickory-roasted Pork Spare Ribs and plenty of moist, meaty Pork Burnt Ends."

75. The proposed SH description continues "Enjoy a slab of our hickory-smoked Babyback Ribs along with two full pounds of our moist and meaty Pork Burnt Ends."

76. The JSWC description notes the inclusion of "our famous sides."

77. The proposed SH catalog description refers to "Our legendary Hickory Pit Beans and Cheesy Corn Bake."

78. Once again, the listing of items included is nearly identical:

| | |
|---|---|
| Pork Spare Ribs (one full slab) | Babyback Ribs (One full slab) |
| Pork Burnt Ends (2 pounds) | Pork Burnt Ends (2 lbs.) |
| Hickory Pit Beans (32 ounces) | Hickory Pit Beans (32 oz.) |
| Cheesy Corn Bake (30 ounces) | Cheesy Corn Bake (32 oz.) |
| KC Original BBQ Sauce (18 ounce jar) | Original Bar-B-Que Sauce |
| KC All Purpose Rub (7 ounce bottle) | Original All Purpose Rub (5.75 oz. bottle) |

79. Even the fact that the number "one" is spelled out only in the listing for the slab of pork ribs in the JSWC catalog is copied in the proposed SH catalog.

80. Both the JSWC catalog and the proposed SH catalog then have an item number in bold type followed by a price and "(plus S & H)."

81. Both then use italicized type to show that the package "Feeds 6 to 8 people" or "Serves 6-8."

4846-1341-5181.1

## D. THE BEEF LOVER'S BUFFET

82.     JSWC offers a package under the trademark "Beef Lover's Buffet."

83.     The proposed SH catalog has a package called "For the Beef Lover."

84.     The description for the JSWC Beef Lover's Buffet includes "conveniently-sliced, fork-tender Beef Brisket,"  and "Chopped BBQ Beef Brisket."

85.     The description in the proposed SH catalog includes "tender, juicy sliced Beef Brisket" and "Chopped Beef Brisket."

86.     Where the JSWC catalog description offers "Finally, our piece de resistance, the crème de la crème of fine barbecue . . . our exquisitely well-marbled Crown Prime Beef Short Ribs," the proposed SH catalog lists "Then finally, the crown jewel of our fine barbecue, three of our incredibly moist and tender Prime Beef Short Ribs."

87.     In this description, although the proposed SH catalog almost always refers to "Bar-B-Que," it quotes the JSWC catalog and uses the word "barbecue" to describe this particular product.

88.     Once again, the items included are nearly identical, although this time SH listed the three meat items in a different order:

Sliced Brisket (28 ounces)                         Sliced Beef Brisket (1 lb.)

Crown Prime Beef Short Ribs (three bones)  Prime Beef Short Ribs (Three Bones)

Chopped BBQ Beef Brisket (1 pound)           Chopped Beef Brisket (1 lb.)

KC Original BBQ Sauce (18 ounce jar)          Original Bar-B-Que Sauce

89.     The SH package as described adds two sides, both of which are described using trademark names: Hickory Pit Beans and Cheesy Corn Bake.

90. Both the JSWC catalog and the proposed SH catalog list an item number and price in bold type and "(Plus S & H)."

91. Both the JSWC catalog and the proposed SH catalog then use italicized type to list the number of people to be served by the package.

## E. THE BBQ MEDLEY

92. JSWC offers a package under the trademark BBQ Medley."

93. The proposed SH catalog offers a package that it calls "Smokehouse Bar-B-Que Medley."

94. The description in the JSWC catalog offers a "combination" starting with "our meaty, super-tender Pork Spare Ribs and always-popular Jack Stack Pork Burnt Ends."

95. The proposed SH catalog offers a "combination" of a "slab of our meaty, fork-tender Pork Spare Ribs along with a pound of our famous Pork Burnt Ends."

96. The JSWC catalog description continues "Then we add . . . our succulent Hickory Kissed Turkey Breast."

97. The proposed SH catalog description continues "Then we add our succulent, hickory-smoked Turkey Breast."

98. The JSWC catalog description states "This trio is even more tempting for holidays" with side dishes added.

99. The proposed SH catalog description calls this package "A tempting holiday trio!"

100. As always, the list of items is nearly identical (one pound of pork ribs, one pound of pork burnt ends, two pounds of smoked turkey, and one bottle of barbecue sauce) except that

the SH package includes the sides (Hickory Pit Beans and Cheesy Corn Bake) suggested as add-ons in the JSWC catalog.

101.    The item numbers, prices and "(Plus S & H)" are in bold type, with the suggestion of how many people would be served in italicized type in both the JSWC catalog and the proposed SH catalog.

## F. CROWN PRIME BEEF SHORT RIBS

102.    Both the JSWC catalog and the proposed SH catalog offer a small package of three bones of prime beef short ribs.

103.    Where the JSWC catalog describes these ribs as "premium" and "incomparably" well-marbled, the proposed SH catalog describes its ribs as "premium" and "incomparable."

104.    Where the JSWC catalog describes these ribs as "Meaty, juicy . . . and falling off the bone tender," the proposed SH catalog describes its ribs as "juicy, meaty" and "fall-off-the-bone tender."

105.    As usual, the item number and price are in bold type, while the estimated number of people served is in italicized type.

## G. THE MEAT LOVER

106.    JSWC offers a package called the Meat Lover.

107.    The proposed SH catalog calls the nearly identical package the "Kansas City Tradition."

108.    The packages, with the exception of added side dishes in the SH proposed package and an extra bottle of sauce in the JSWC package, are again nearly identical:

Pork Spare Ribs (two full slabs)          Pork Spare Ribs (two full slabs)

Pork Burnt Ends (1 pound)                 Pork Burnt Ends (1 lb.)

Barbecue Sausage (1 pound)                Polish Sausage (1 lb.)

KC Original BBQ Sauce (18 ounce jar)      Original Bar-B-Que Sauce

109.    The item numbers are then listed in bold type, along with the same price information.

110.    The suggestion for how many people can be served from the package is in bold type in both descriptions.

## H. THE SERIOUS SANDWICH LOVER

111.    JSWC offered a meal package in its catalog under the trademark the "Serious Sandwich Lover."

112.    The proposed SH catalog has a package called "Smokehouse Bar-B-Que Serious Sandwiches."

113.    JSWC's catalog describes this package as a "bountiful buffet" for "serious sandwich lovers."

114.    SH's proposed catalog describes its package as a "spectacular buffet" for "sandwich lovers."

115.    Where the JSWC catalog describes this package as containing "fork-tender Beef Brisket," the proposed SH catalog describes its copycat package as containing "tender Beef Brisket."

116.    Where the JSWC catalog describes this package as containing "zesty Pulled Pork," the proposed SH catalog describes its copycat package as containing "juicy Chopped Pork."

4846-1341-5181.1

117. Both packages contain sliced beef brisket, chopped beef brisket and pulled or chopped port, a dozen sandwich buns and sauce ("KC Original BBQ Sauce" vs. "Original Bar-B-Que Sauce").

118. The item numbers in both the JSWC catalog and the proposed SH catalog are in bold type, as is the price and "(Plus S & H)."

119. Both the JSWC catalog and the proposed SH catalog use italicized type for the number of people served.

## I. COPYRIGHT

120. JSWC created the 2009-2010 catalog copied by SH as an original work of authorship.

121. JSWC registered its copyright in the 2009-2010 catalog on November 4, 2011. (Registration attached as Exhibit G).

122. JSWC designed and selected the packages offered for sale, set the price points, and created the copy describing each package, including the lay-out, selection, arrangement, and descriptive text.

123. In addition, JSWC created a set format (or arrangement) that is used for all the items in the catalog that consists of a package name set forth in bold type, a few descriptive sentences about the items included in that package, a listing in bullet points of the included items that is always double-spaced, a format for a unique item number always set out in bold type, a price set out in bold type, and italicized type listing the number of people fed by each package. This format was used throughout the JSWC catalog.

124. In the catalog distributed after the 2009-10 catalog identified as Exhibit A, JSWC changed its format slightly to list servings as "*Serves x-x*" as the SH catalog shows that

4846-1341-5181.1

information, indicating that SH may also have copied a later JSWC catalog. JSWC also changed its listing of "pounds" to "lb.", which is a further indication that SH may have been copying the later catalog in preparing its proposed catalog in 2011.

125.    JSWC also determined the arrangement of the packages in its catalog, i.e., where within the catalog to list each item. For example, the catalog showed the BBQ Medley package on page 7 (which is where SH placed its Bar-B-Que Medley copied from the JSWC package in its proposed catalog).

126.    Further, the JSWC catalog used pictures of the items included in each package along with the print portion describing that package. SH used similar photographs laid out in very similar fashion to those photographs in its proposed catalog.

## COUNT I – COPYRIGHT INFRINGEMENT

127.    JSWC incorporates the allegations of paragraphs 1 – 126 above.

128.    JSWC is the author of portions of the JSWC catalog, the same having been originated by employees of JSWC working within the scope of their employment; is the copyright owner of other portions of the JSWC catalog by assignment by independent contractors who were authors of the work; and, with respect to the photographs (the copying of which are not at issue in this case) has the right to use the same in the JSWC catalog.

129.    The Defendants and the respective personnel of the defendants had access to the JSWC catalog, there having been more than 529,000 such catalogs distributed by JSWC throughout the United States, including more than 35,000 catalogs distributed freely and anonymously to visitors to local restaurants operated by or with permission of Ja-Del.

4846-1341-5181.1

130.    The JSWC catalog and the SH proposed catalog are substantially similar in that a reasonable person, seeing the two works, the JSWC catalog and the SH proposed catalog, would conclude that the SH proposed catalog was taken from the JSWC catalog.

131.    As proprietor of the copyright in the JSWC catalog, the copyrighted work, JSWC has the exclusive right to reproduce the copyrighted work in copies; to prepare derivative works based upon the copyrighted work; to distribute copies of the copyrighted work to the public; and as a literary work, to display the copyrighted work publicly.

132.    JSWC granted to neither of the defendants any of the above-referenced exclusive rights.  Accordingly, the Defendants' reproduction, modification (the SH catalog constituting a derivative of the JSWC catalog), distribution, and public display (including display on the Internet) were without authority and, therefore, violative of the exclusive rights granted to JSWC as copyright proprietor.

133.    By creating, producing and/or distributing the proposed SH catalog in print and by displaying it on the internet, SH has infringed JSWC's copyright interests in the JSWC catalog.

134.    JSWC is informed and believes, and based thereon alleges, that SH's and Ghasemi's infringing acts were, and continue to be, committed willfully and knowingly.

135.    As a direct and proximate result of defendants' copyright infringement as alleged herein, JSWC has suffered and will continue to suffer injury and damage in an amount to be determined at trial.  Furthermore, to the extent defendants receive profits, gains or other benefits from their infringing activities, all of which should be disgorged to plaintiff.  In the alternative, JSWC reserves the right to elect statutory damages for defendants' willful infringement of its copyrighted works.

136.     Defendants infringement of JSWC's copyrighted works has caused, and will cause, irreparable harm to JSWC which cannot be fully compensated by money.  JSWC has no adequate remedy at law.  Therefore, in addition to monetary damages, JSWC is entitled to preliminary and permanent injunctive relief preventing defendants from continuing to infringe JSWC's copyrighted works.

137.     JSWC has and will incur attorney's fees in pursuing this action, which JSWC is entitled to recover from defendants under 17 U.S.C. § 505.

## COUNT II – LANHAM ACT SECTION 43(a)

138.     JSWC incorporates the allegations of paragraphs 1 – 137 above.

139.     By creating, producing, distributing, exhibiting or otherwise using the JSWC catalog format and layout, and the same or similar packages under deceptively similar names, and item names created by Ja-Del and licensed to JSWC, defendants have created, and will continue to create, confusion in the marketplace and have falsely created the impression in the minds of the public that JSWC are somehow associated or affiliated with defendants, that JSWC is somehow sponsoring or endorsing SH's mail-order products and packages, and/or that JSWC approved or authorized defendants' use of its packages, item names, and products.  Such conduct violates section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

140.     As a direct and proximate result of defendants' wrongful conduct, JSWC has been damaged and is entitled to recover defendants' wrongfully obtained profits and three times JSWC's actual damages under 15 U.S.C. § 1117(a).

141.     Defendants' violation of the Lanham Act has caused, and will cause, irreparable harm to JSWC which cannot be fully compensated by money.  JSWC has no adequate remedy at law.  Therefore, in addition to monetary relief, JSWC is entitled to preliminary and permanent

4846-1341-5181.1

injunctive relief preventing defendants from continuing to use JSWC's trade dress, including packages, package names, item names, catalog layout, etc., or any confusingly similar variations, on or in connection with any products, goods or services, or in the advertising of any products, goods or services.

142.    JSWC is informed and believes, and based thereon alleges, that defendants engaged in the above-described conduct knowingly, willfully and oppressively, intending to appropriate JSWC's intellectual property to the detriment of JSWC and the confusion of the public.  This constitutes an exceptional case within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117, for which JSWC is entitled to its attorneys' fees.

## COUNT III – UNFAIR COMPETITION

143.    JSWC incorporates the allegations of paragraphs 1 – 142 above.

144.    The packages and package names created by JSWC for its mail-order business are inherently distinctive for JSWC Kansas City-style barbecue.

145.    SH's imitation of the trade dress includes advertising by mail-order catalog and posting on its internet site, which are some of the same methods used by JSWC to reach potential customers.

146.    As set forth above, the form of the printed advertising and internet advertising is substantially similar.

147.    Defendants have attempted to "pass off" their barbecue packages as being the same as JSWC packages, or as somehow sponsored or authorized by JSWC and have attempted to confuse customers or potential purchasers as to the source of the products being sold.

4846-1341-5181.1

148.    By their conduct as alleged above, defendants have violated and infringed JSWC's common law rights and have competed unfairly with JSCW in violation of the common law of the state of Missouri.

149.    As a direct and proximate result of defendants' conduct, JSWC is entitled to money damages in an amount to be proven at trial.

150.    Defendants' unlawful conduct has caused, and will continue to cause, irreparable harm to JSWC that cannot be fully compensated by money.  JSWC has no adequate remedy at law.  Therefore, in addition to monetary relief, JSWC is entitled to preliminary and permanent injunctive relief enjoining defendants from engaging in further acts of unfair competition.

PRAYER FOR RELIEF

WHEREFORE, JSWC prays for judgment on its Complaint as follows:

1.    Preliminary and permanent injunctive relief restraining and enjoining defendants, and their officers, directors, agents, servants, employees, representatives, partners, subsidiaries and attorneys, and all other persons or entities acting in concert or participation with them or at their direction from:

   (a) reproducing, distributing, displaying, exhibiting or otherwise exploiting any of the packages, package names, menu items, descriptive texts or other portions of the JSWC copyright;

   (b) using any confusingly similar trade dress for advertisement or promotional purposes;

2.    For JSWC's damages as established;

4846-1341-5181.1

3.      That defendants be required to account for and pay over to JSWC their proceeds minus cost of physical materials used to produce the shipped packages, plus all other benefits they received by reason of their unlawful conduct as alleged herein;

4.      That the amount of all monetary recovery be increased as provided by applicable law, up to three times;

5.      At JSWC's election, for statutory damages for willful copyright infringement under 17 U.S.C. § 504( c);

6.      For an order requiring defendants to disgorge any and all gains or benefits conferred upon defendants as a result of their violations of law;

7.      For JSWC's attorney's fees and expenses;

8.      For JSWC's costs incurred herein; and

9.      For such other relief as the Court deems just and proper.

JURY DEMAND

Plaintiff requests trial by jury on all issues so triable.

Respectfully submitted,

*s/ M. Courtney Koger*
M. Courtney Koger          #42343
KUTAK ROCK LLP
Suite 500
1010 Grand Boulevard
Kansas City, MO  64106-2220
(816) 960-0090 (Telephone)
(816) 960-0041 (Facsimile)
courtney.koger@kutakrock.com
ATTORNEYS FOR PLAINTIFF
JACK STACK MASTERCLASS, LLC

4846-1341-5181.1